■ In the Matter of TRUDYA J., a Child Alleged to be Permanently Neglected. TRUDY J., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [637 NYS2d 43] —Order of disposition, Family Court, New York County (Michael Gage, J.), entered October 14, 1993, which terminated respondent's parental rights and committed custody of the subject child to petitioner for the purpose of adoption by the foster mother, following a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

Clear and convincing evidence established that respondent permanently neglected her child when she did not visit the child for a period of over two years after the child was placed in foster care (*Matter of Star Leslie W.*, 63 NY2d 136, 142-143). The agency's obligation to exercise diligent efforts was excused due to respondent's failure to apprise the agency of her whereabouts for a period well in excess of six months (Social Services Law § 384-b [7] [e]; *Matter of Adrianna Leshawn B.*, 208 AD2d 472, *lv denied* 85 NY2d 806). The child's best interests were served by terminating respondent's parental rights and freeing her for adoption by her maternal aunt, and the court did not abuse its discretion in refusing to suspend judgment. "Although respondent expressed a desire to care for the child, the evidence established that the child had been adversely affected by [her] belated attempts at parenting" (*Matter of Shannel Marie M.*, 198 AD2d 55, 56, *lv denied* 82 NY2d 665).

Nor were respondent's due process rights violated where some brief testimony was taken in her absence as this argument was not preserved for appellant review, and she has shown no prejudice resulting from the court's action (*supra*). Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.