**26** In the Matter of BRANDON H., a Child Alleged to be Permanently Neglected. LEILA DARLENE H., Appellant; HALE HOUSE CENTER, INC., Respondent. [878 NYS2d 50]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about August 14, 2007, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed his custody and

guardianship to petitioner agency for the purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence that respondent failed to maintain contact or plan for the child's future despite the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *see also Matter of Star Leslie W.*, 63 NY2d 136 [1984]). The record shows that the agency explored the parental resources that were offered, emphasized to respondent the need to stay in contact with the child and to keep the agency informed of her location, located respondent when she failed to tell the agency that she had been transferred to a different correctional facility, and arranged visits between respondent and the child (*see Matter of Sheila G.*, 61 NY2d 368 [1984]).

The evidence at the dispositional hearing was preponderant that the best interests of the child would be served by terminating respondent's parental rights and freeing the child for adoption. Although respondent maintained a regular visitation schedule after the termination petition was filed, the quality of her visits did not improve. She did not focus on the child or interact with him and the child sought out agency staff to play with him. Respondent never lived independently; she had a long history of incarceration, mental illness and aggressive behavior and was not working. Although respondent claimed that she did play with and talk to her son, the court found that she was not credible, and we see no reason to disturb its findings (*see Matter of Gloria Melanie S.*, 47 AD3d 438 [2008]; *see generally Matter of Trudya J.*, 223 AD2d 470 [1996], *lv denied* 87 NY2d 812 [1996]). In contrast, the preadoptive home, where the child had formed a strong bond with the parents, was better suited to address his special needs (*see Matter of Star Leslie W.*, 63 NY2d at 147).

We have considered respondent's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.